UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWNETT ADAMS | Case Number |
| Plaintiff | |
| | CIVIL COMPLAINT |
| vs. | |
| WILLIAMS & FUDGE, INC. | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Shawnett Adams, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant and respectfully avers as follows:

**I.     INTRODUCTORY STATEMENT**

1.     Plaintiff, Shawnett Adams, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II.      JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this district is proper in that the Plaintiff resides in this District.

## III.     PARTIES

4. Plaintiff, Shawnett Adams, is an adult natural person residing at 96 Clerk Street, Jersey City, New Jersey 07305.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Williams & Fudge, Inc., at all times relevant hereto, is and was a company engaged in the business of collecting debt in the state of New Jersey with a principal place of business located at 300 Chatham Avenue, Rock Hill, South Carolina 29731.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.     FACTUAL ALLEGATIONS

7. On or around the month of February 2012, Plaintiff entered into a payment arrangement with Defendant on a debt allegedly owed on a past due New Jersey City University bill.

8. Plaintiff was said to owe a debt of approximately $1,299.39.

9. At that time, Defendant's agent, "Sandra" falsely informed Plaintiff the she was an attorney.

10. Defendant's agent, "Sandra" requested that the Plaintiff pay off the New Jersey City University bill in full.

11. Plaintiff informed Defendant's agent, "Sandra" that she could not afford a payment that high and the most she could pay was $50.00 for the first month and $20.00 a month after the first month until paid in full.

12. Defendant's agent, "Sandra", reluctantly agreed to the payment arrangements.

13. Plaintiff insisted that Defendant mail her a letter validating the debt before she made any payments on the New Jersey City University bill.

14. Plaintiff received a letter dated April 18, 2012 from the Defendant but it did not validate the debt as requested.

15. In fear that she would be sued as a result of "Sandra" claiming she was an attorney, the Plaintiff proceeded with sending a payment of $50.00 as was agreed.

16. Plaintiff made all payments as agreed upon from April 18, 2012 through August 2012.

17. On or around August 23, 2012, Plaintiff received another phone call from Defendant's agent "Sandra" demanding Plaintiff to pay the New Jersey City University bill in full despite the previous agreement.

18. Plaintiff politely stated that she is currently unemployed and could not afford to pay the bill in full.

19. Defendant's agent, "Sandra", became very angry and rudely asked Plaintiff how she could make her car payments but could not afford to pay the New Jersey City University bill in full.

20. Plaintiff, unable to bare the harassment any longer, hung up on Defendant's agent, "Sandra".

21. Plaintiff has continued to make payments according to the payment arrangement entered into months earlier and the payments have been accepted.

22. Defendant acted in a false, deceptive, misleading and unfair manner by taking action that it stated it would not take for the purpose of coercing Plaintiff to pay the debt.

23. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24. At all times pertinent hereto, Defendant were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

25. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

27. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I – FDCPA

28. The above paragraphs are hereby incorporated herein by reference.

29. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

30. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| §§1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| §§1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §§1692e(3): | Any individual is an attorney or that any communication is from an attorney |
| §§1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

    c.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.      Such addition and further relief as may be appropriate or that the interests of justice require.

## V.    JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: September 20, 2012**

**BY: /s/ Brent F. Vullings BFV8435**
     Brent F. Vullings, Esquire

Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff
bvullings@vullingslaw.com